**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANITRA A. JONES,**

    **Petitioner,**

**vs.**

                                                        **CASE NO. 4:10cv216-RH/WCS**

**WARDEN, FCI Tallahassee**

    **Respondent.**

                                            /

**REPORT AND RECOMMENDATION**

This is a petition for writ of habeas corpus filed by Anitra A. Jones pursuant to 28 U.S.C. § 2241.  Doc. 1.  Petitioner seeks jail credit for time spent in pretrial detention from February 9, 2006, to May 22, 2007.  Doc. 1, p. 17 on ECF (Electronic Case Filing).  She also seeks resentencing to make her federal prison sentence (57 months) run concurrently with state sentences.  Doc. 1, p. 9 on ECF.  Petitioner was convicted in the Middle District of Louisiana, Case Number 3:07cr28-JJB/SCR and was sentenced to 57

months to be followed by three years of supervised release. Doc. 74 in that case, imposed on September 10, 2008.[1]

Respondent filed an answer. Doc. 7. Petitioner has not filed a reply.

Petitioner's expected release date was June 18, 2011. Doc. 7, p, 4; doc. 1, p. 4 on ECF. The Bureau of Prisons inmate locator service on the internet states that Anitra Ann Jones, inmate number 04518-095, was released on June 17, 2011.[2] She is presumably now serving her three year term of supervised release.

Release moots the first claim.[3] A habeas challenge to the length of confinement (rather than the fact of confinement) is mooted by the petitioner's release. Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986). While it might be argued that Petitioner's claim is not moot because she is now serving a term of supervised release that was delayed by the alleged delay in her release from BOP custody, that does not save her claim from mootness. United States v. Johnson, 529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000) (other citations omitted). Johnson addressed the issue of whether excess prison time (served before the convictions on two counts were vacated and the overall sentence modified) should be credited to the supervised release term, and found the supervised release term remained unaltered. *Id.*, at 54, 120 S.Ct. at

---

[1] This is available to this court through PACER (Public Access to Court Electronic Records.

[2] This information was found at: http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=04518-095&x=89&y=9

[3] It is unfortunate that I could not get to this petition before it became moot and I have gotten to it in due course, after dealing with others filed before this one. Still, Petitioner made no claim of an emergency.

1116. This was based on the language of 18 U.S.C. § 3624(e), which provided that a supervised release term would be "after imprisonment," to commence "on the day the person is released from imprisonment." *Id.*, at 57, 120 S.Ct. at 1117-18 (quoting the statute). No relief remains to be granted.

The claim is also without legal merit. Petitioner seeks credit from February 9, 2006 until May 22, 2007. Doc. 1, p. 17. Respondent has shown that Petitioner received credit against state sentences for time spent in state custody from February 9, 2006, to May 22, 2007.[4] Doc. 7, p. 6; doc. 7-1, p. 3 on ECF, Declaration of Dawn Giddings, ¶¶ 26 and 27. Pursuant to 28 U.S.C. § 3585(b), Petitioner cannot receive credit against a federal sentence for any time in custody that has been credited against another sentence. Castillo v. Federal Correctional Institution of Tallahassee, 163 Fed.Appx. 803, 804 (11th Cir. Jan 5, 2006) (not selected for publication in the Federal Reporter, No. 05-12857); Jones v. Joslin, 635 F.3d 673, 675 (5th Cir. 2011).

This court does not have jurisdiction of the second claim, seeking alteration of the sentence to make it concurrent with the state sentences.[5] A motion to vacate, correct, or modify the sentence is filed in "the court which imposed the sentence ." 28 U.S.C. § 2255(a); § 2255 Rule 3(b) "[t]he clerk must file the [§ 2255] motion and enter it on the criminal docket of the case in which the challenged judgment was entered."). A defendant entitled to proceed by § 2255 motion may seek relief by habeas corpus

---

[4] Petitioner received state credit May 23, 2007, through July 5, 2007, *see id.*, pp. 27, but does not claim credit after May 22, 2007. Doc. 1, p. 17.

[5] At sentencing, the court may adjust the sentence to allow for credit which will not be awarded by the Bureau of Prisons. U.S.S.G. § 531.3; doc. 7, p. 12.

petition *only* if the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." § 2255(e); <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999) (explaining what must be demonstrated to proceed under the "savings clause" of § 2255).

**Conclusion**

Accordingly, it is **RECOMMENDED** that petition for writ of habeas corpus filed by Anitra A. Jones pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on March 8, 2012.


        s/    William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**